78-08/MEU/SL
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
SIXTEEN THIRTEEN MARINE S.A.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

Michael E. Unger (MU 0045)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2·11·08
```

**JUDGE BAER**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
SIXTEEN THIRTEEN MARINE S.A.,

                      Plaintiffs,

   -against-

CONGENTRA AG,

                      Defendant.
-------------------------------------------------------------x

**08 CV 1318**

ORDER
DIRECTING CLERK TO
ISSUE PROCESS OF
MARITIME ATTACHMENT
AND GARNISHMENT;
APPOINTING PERSON(S) TO
SERVE PROCESS
PURSUANT TO RULE 4(c);
and DEFINING SCOPE OF
SERVICE

Upon reading and filing the Verified Complaint of the Plaintiffs herein, verified on the 8th day of February, 2008, and the Affidavit of Michael E. Unger, sworn to on the same day, that to the best of his information and belief, the Defendant CONGENTRA AG cannot be found within this District for the purpose of an attachment under Supplemental Rule B(1), and in support of an order appointing a special process server pursuant to Rule 4(c), and the Court having found that the conditions required by Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure exist, and good cause having been shown; and

NOW, upon motion of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiffs, it is hereby

NYDOCS1/298694.1

**O R D E R E D** that the Clerk of this Court is directed forthwith to issue the Process of Maritime Attachment and Garnishment for seizure of all tangible and intangible property of the Defendant, as described therein, including but not limited to any property in which the Defendant has an interest, including but not limited to any cash, funds, escrow funds, debts, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or any other assets of, belonging to, due or being transferred to, from, or for the benefit of the Defendant CONGENTRA AG, (hereinafter "ASSETS"), including but not limited to such ASSETS as may be held, received or transferred for its benefit at, through, or within the possession, custody or control of banking institutions and/or other institutions and/or such other garnishee(s) on whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of $5,260,000.00 pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure in respect to the claim against the Defendant, as identified in the Verified Complaint and as specified in the Process; and it is further

**O R D E R E D** that supplemental process enforcing the Court's Order may be issued and served without further Order of the Court; and it is further

**O R D E R E D** that Lawrence Kahn, Barbara Carnevale, Pamela Shultz, Justin Nastro, Daniel Fitzgerald, Michael Elliot, Jan Gisholt, Susan Lee, Robert Ridenour, Joan Sorrentino, Christina Gargano, or any other partner, associate, paralegal or other agent of Freehill Hogan & Mahar LLP be and is hereby appointed, in addition to the United States Marshal, to serve the Process of Attachment and Garnishment and the Verified Complaint, together with a copy of this Order and any Interrogatories, upon any garnishee(s) named in the Process, together with any

other garnishee(s) who (based upon information developed subsequent hereto by the Plaintiffs) may hold assets of, for, or on behalf of the Defendant; and it is further

**O R D E R E D** that following initial service upon any garnishee by the United States Marshal or any other person designated by Order to make service in this action, supplemental service of the Process of Maritime Attachment and Garnishment may thereafter be made by way of facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee so personally served, such service to be in accordance with each garnishee's preference or policy, and such facsimile or other electronic transmission shall be deemed to be made within the district if it has been sent from within the district; and it is further

**O R D E R E D** that service on any garnishee herein is deemed to be effective and continuous service throughout the remainder of the day upon which such service is made commencing from the time of such service, and that same service is further deemed to be effective through the end of the next business day provided another service is made during the next business day; and it is further

**ORDERED** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D), each garnishee may consent, in writing, to accept service by any other means.

Dated: New York, New York
       February 11, 2008

_____
U.S.D.J.