LENNON, MURPHY & LENNON, LLC
Kevin J. Lennon
Attorneys for Defendant
420 Lexington Avenue, Suite 300
New York, NY 10170
(212) 490-6050 - phone
(212) 490-6070 - facsimile

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SIXTEEN THIRTEEN MARINE S.A.,         :          08 CV 1318 (HB)

          Plaintiff,         :          **COUNTERCLAIM**

- against -                                              :

CONGENTRA A.G.,                                :

          Defendant.         :
-----------------------------------------------------------X

Defendant/Counterclaimant, Congentra A.G. (hereafter "Congentra"), by its attorneys, LENNON, MURPHY & LENNON, LLC, hereby states the following, upon information and belief, as its Counterclaim against the Plaintiff, SIXTEEN THIRTEEN MARINE S.A. (hereafter "STM")

1. Pursuant to the terms of the October 10, 2007 charter party, STM obligated itself to carry a cargo of soybeans from Argentina to Russia aboard the M/V Nicholas M.

2. STM breached its obligations under the charter party by failing to properly and timely discharge cargo at the discharge port but instead causing delay due to, *inter alia*, cargo damage caused by the lack of watertight integrity of the hatchcovers for cargo hold nos. 4 and/or 2.

3. STM further breached its obligations under the charter party by unreasonably refusing Congentra's surveyor access to the cargo holds during discharge and segregation of

sound versus damaged cargo and/or for cargo sampling.

4. But for STM's breach of charter party as aforesaid, discharge of the cargo would have been completed earlier and Congentra would not have incurred additional hire and/or expenses, which it has paid to STM.

5. As a consequence of STM's breach of the charter party as aforesaid, Congentra has sustained damages in the sum of $196,894.19, consisting of the overpaid hire and expenses described hereinabove which is further set out in Congentra's final hire statement a copy of which is attached hereto as Exhibit 1.

6. Any and all disputes arising under the aforesaid Agreements are to be resolved in London arbitration. The parties are currently arbitrating their disputes before an arbitration panel in London, England.

7. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration proceedings. As best as can now be estimated, Congentra expects to recover the following amounts at London arbitration:

| | | |
|---|---|---|
| A. | On the principal claim: | $196,894.19; |
| B. | 2 years of 7% interest for principal claim: | $ 29,313.96; and |
| C. | Arbitration costs and fees: | $200,000. |
| **Total:** | | **$426,208.15.** |

8. The above stated counterclaim arises out of the same transaction or occurrence with respect to which the action was originally filed. STM has pursuant to Supplemental Admiralty Rule B attached Congentra's property in this district in the approximate sum of $212,170 via service of process of maritime attachment and garnishment at various garnishee banks in this district. Such attachment stands as security for STM'S alleged claims against

Congentra.

9. Defendant as counterclaimant is entitled pursuant to Supplemental Admiralty Rule E(7)(a) to security for its above stated counterclaim in the sum of **$426,208.15.**

**WHEREFORE**, the Defendant/Counterclaimant prays as follows:

A. That the Court, in accordance with Supplemental Admiralty Rule E(7)(a), order the Plaintiff, Sixteen Thirteen Marina S.A., to provide Defendant, Congentra A.G., security for its counterclaim in the sum of **$426,208.15,** in a form agreeable to the parties, or in a form subject to further Court order;

B. That the Court enter judgment against Plaintiff and in favor of Defendant/Counterclaimant in the amount of any forthcoming arbitration award obtained by the Defendant/Counterclaimant against the Plaintiff, plus interest, costs and attorneys' fees;

C. That the Court retain jurisdiction over this matter through the entry of any judgment or award associated with the Defendant's counterclaim currently pending, including any appeals thereof; and

D. That the Defendant/Counterclaimant have such other, further and different relief as this Court may deem just and proper in the circumstances.

Dated: March 25, 2007
New York, NY

LENNON, MURPHY & LENNON, LLC
Attorneys for Defendant/Counterclaimant
CONGENTRA A.G.

By: _____
KEVIN J. LENNON
420 Lexington Avenue, Suite 300
New York, NY 10170
(212) 354-0025 - phone
(212) 869-0067 - facsimile
kjl@lenmur.com

TO:    FREEHILL, HOGAN & MAHAR, LLP
        Attorneys for Plaintiff
        80 Pine Street
        New York, NY 10005
        Attn: Michael E. Unger, Esq.
        (212) 425-1900 - phone
        (212) 425-1901 - facsimile

## ATTORNEY'S VERIFICATION

State of Connecticut   )
                               )   ss.:   Town of Southport
County of Fairfield    )

1. My name is Kevin J. Lennon.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Defendant/Counterclaimant, Congentra A.G.

4. I have read the foregoing Counterclaim and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Defendant/Counterclaimant is that the Defendant/Counterclaimant is a business organization without any officers or directors now within this district.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Defendant/Counterclaimant and agents and/or representatives of the Defendant/Counterclaimant.

7. I am authorized to make this Verification on behalf of the Defendant/Counterclaimant.

Dated:     Southport, Connecticut
              March 25, 2008

_/s/ Kevin J. Lennon_
Kevin J. Lennon

## AFFIRMATION OF SERVICE

I hereby certify that on March 25, 2008, a copy of the foregoing COUNTERCLAIM was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

_____
Kevin J. Lennon

# EXHIBIT 1

# HIRE BREAKDOWN
**M/V NICHOLAS M.**    **C/P DD 10.10.2007**

| # | Item | Details | | | | DUE TO OWNER | DUE TO CHRTS | Notes |
|---|---|---|---|---|---|---|---|---|
| 1. | CHARTER PERIOD | | | | | | | |
|  | from PORTO ALEGRE | 11/10/07 13:00 | | | | | | 28-is the date when the class certificate was withdrawn. |
|  |  | 28/12/07 18:40 | | | | | | |
|  | TTL DAYS | 78.236111 | | | | | | |
|  | DAILY HIRE |  | 38000 | | | 2,972,972.22 | | |
|  | BALLAST BONUS |  | | | | 575,000.00 | | |
| 2. | COMMISSION | 2.50% | | | | | 88,699.31 | |
| 3. | BUNKERS | | | | | | | |
|  | delivery IFO | 111 | 450 | | | 49,950.00 | | |
|  | delivery MDO | 54.5 | 750 | | | 40,875.00 | | |
|  | redelivery IFO | 254.19 | 450 | | | | 114,385.50 | fuel indicated as per bunker survey on the 28th recalculated back for MDO |
|  | redelivery MDO | 50.65 | 750 | | | | 37,987.50 | |
|  | shortage of bunkers on delivery due to owner's negligence | | | | | | | |
|  | delivered | 70 | | | | | | |
|  | allegedly delivered to the owners | 56.35 | | | | | | |
|  | stolen by the owners or lost through their negligence | 13.65 | | | | | | |
|  | price | 750 | | | | | | |
|  | loss USD through owners fault | 10238 | | | | | 10,238.00 | |
| 4. | EXTRA INSURANCE | | | | | | | |
| 5. | C/V/E | | | | | 3,259.84 | | |
| 6. | OFF-HIRE | 21/10/07 3:00 | | | | | | in question owners claim 10862,49, but we believe the delay was due to offhire first in SA, underperformance and later slower discharge of damaged cargo |
|  |  | 27/10/07 5:00 | 146.00 hrs | time | | | 231,166.67 | |
|  |  |  |  | bunkers MDO | | | 9,125.00 | |
|  |  |  |  | c/v/e | | | 661.02 | |
|  |  |  |  | commission | | 5,779.17 | | |
|  | holds cleaning | | | | | 5,000.00 | | |
|  | offhire | 15/12/07 11:00 | | | | | | offhire for the whole period due to the master's refusal to permit SGS to take samples and to supervise segregation. |
|  |  | 18/12/07 22:10 | | | | | | whilst discharge was conducted from other holds the unfriendly actions of the master in not permitting sampling and segregation constitutes a breach of the c/p and do not fall under actual time lost clause |

| | Date/Time | Hours | Category | | Value | Notes |
|---|---|---|---|---|---|---|
| | | 83.17 hrs | time | | 131,680.56 | as a result of the master's actions the trucks had to leave without loading. it should also be noted that discharging into trucks is not a standard procedure in St.Petersburg, soybeanmeal usually being discharged into railway wagons, but due to the fact that the cargo was spoiled by the owners discharge into trucks had to be organised, ordered, consent of authorities had to be received and ultimately such discharge resulted in substantial delay and additional costs. |
| offhire | 18/12/07 22:10<br>19/12/07 0:30 | | bunkers MDO<br>c/v/e<br>commission | 3,292.01 | 6,497.40<br>376.54 | discharging of damaged cargo for disposal therefore solely in owner's time |
| offhire | 19/12/07 2:15<br>19/12/07 3:00 | 2.33 hrs | time<br>bunkers MDO<br>c/v/e<br>commission | 92.36 | 3,694.44<br>182.29<br>10.56 | discharging of damaged cargo for disposal therefore solely in owner's time |
| offhire | | 0.75 hrs | time<br>bunkers MDO<br>c/v/e<br>commission | 29.69 | 1,187.50<br>58.59<br>3.40 | no discharging due to lack of wagons was caused by the fact that it was not obvious how much cargo was actually damaged. As damaged cargo could only be discharged by trucks, one needed to order wagons after the damaged cargo had been removed. Also the stevedores had to reconcentrate on discharging undamaged cargo. Delay would not have taken place, if the cargo had not been damaged. |
| offhire | 19/12/07 3:00<br>19/12/07 4:50 | 1.83 hrs | time<br>bunkers MDO<br>c/v/e<br>commission | 72.57 | 2,902.78<br>143.23<br>8.30 | at 6:13 19/12 the discharge of the last cargo ex undamaged holds was completed, however the discharge of cargo from holds 2 & 4 for purposes of destruction only was allowed, such discharge of the damaged cargo to be solely in owner's time, no discharge due to prohibition 06:13-24:00 on 19/12, whereby 14:35-15:10 awaiting trucks for discharging of damaged cargo (owner's time only) and 22:25-23:20 and 23:45-23:50 discharging damaged cargo |
| offhire | 19/12/07 6:13<br>20/12/07 0:00 | 17.78 hrs | time<br>bunkers MDO<br>c/v/e<br>commission | 703.92 | 28,156.94<br>1,389.32<br>80.51 | |

| | | | | | | |
|---|---|---|---|---|---|---|
| offhire | 20/12/07 0:00<br>20/12/07 3:55 | 3.92 hrs | time<br>bunkers MDO<br>c/v/e<br>commission | 155.03 | 6,201.39<br>305.99<br>17.73 | no discharge due to prohibition of state authorities, which was caused by wet damage and is therefore in owner's time |
| offhire | 20/12/07 3:55<br>20/12/07 4:10 | 0.25 hrs | time<br>bunkers MDO<br>c/v/e<br>commission | 9.90 | 395.83<br>19.53<br>1.13 | discharging of damaged cargo into trucks for destruction, therefore in owner's time |
| offhire | 20/12/07 4:10<br>20/12/07 16:20 | 12.17 hrs | time<br>bunkers MDO<br>c/v/e<br>commission | 481.60 | 19,263.89<br>950.52<br>55.09 | no discharging due to prohibition of state authorities, except for discharging into trucks for destruction. It is due to the damaged cargo and therefore in owner's time |
| offhire | 20/12/07 16:20<br>20/12/07 17:10 | 0.83 hrs | time<br>bunkers MDO<br>c/v/e<br>commission | 32.99 | 1,319.44<br>65.10<br>3.77 | discharging of damaged cargo into trucks, all other holds prohibited. Since discharging for destruction is caused by damage to the cargo through owner's fault all to be in owner's time |
| offhire | 20/12/07 17:10<br>20/12/07 21:00 | 3.83 hrs | time<br>bunkers MDO<br>c/v/e<br>commission | 151.74 | 6,069.44<br>299.48<br>17.36 | no discharge since no permission to discharge from hold 2 except for destruction. Therefore till 21:00 when permission to discharge from hold 2 received no discharge. Hold 4 still prohibited except for discharge of damaged cargo. |
| offhire | 20/12/07 21:00<br>21/12/07 0:00 | 3.00 hrs | time<br>bunkers MDO<br>c/v/e<br>commission | 118.75 | 4,750.00<br>234.38<br>13.58 | no discharge due to lack of wagons which had to be ordered after the damaged cargo was removed ex hold 2, whereby the delay was caused due to cargo damage, since otherwise all cargo would go to the wagons |

| | | | | | |
|---|---|---|---|---|---|
| offhire | 21/12/07 0:00
21/12/07 2:15 | 2.25 hrs | time
bunkers MDO
c/v/e
commission | | no discharging ex hold 4 due to prohibition of state authorities, discharging ex hold with 1 gang therefore half time lost due to owners' spoiling the cargo. Hire to be split by 2. |
| | | | | 1,781.25
87.89
5.09 | |
| | | | | 44.53 | |
| offhire | 21/12/07 2:15
21/12/07 3:00 | 0.75 hrs | time
bunkers MDO
c/v/e
commission | 1,187.50
58.59
3.40 | discharging of damaged cargo ex hold 4 for destruction, therefore solely in owner's time, since the cargo damaged by them |
| | | | | 29.69 | |
| offhire | 21/12/07 12:20
21/12/07 12:35 | 0.25 hrs | time
bunkers MDO
c/v/e
commission | 395.83
19.53
1.13 | discharging of damaged cargo ex hold 4 for destruction, therefore solely in owner's time, since the cargo damaged by them |
| | | | | 9.90 | |
| offhire | 21/12/07 12:35
21/12/07 14:30 | 1.92 hrs | time
bunkers MDO
c/v/e
commission | 3,034.72
149.74
8.68 | only discharge of damaged cargo was possible ex hold 4 for destruction, therefore solely in owner's time, since cargo damaged by them |
| | | | | 75.87 | |
| offhire | 21/12/07 23:05
21/12/07 23:25 | 0.33 hrs | time
bunkers MDO
c/v/e
commission | 527.78
26.04
1.51 | discharging of damaged cargo ex hold 4 for destruction, therefore solely in owner's time, since the cargo damaged by them |
| | | | | 13.19 | |
| offhire | 22/12/07 3:25 | 0.25 hrs | time
bunkers MDO
c/v/e
commission | 395.83
19.53
1.13 | only discharging of damaged cargo was possible ex hold 4 for destruction, therefore solely in owner's time, since the cargo damaged by them |
| offhire | 22/12/07 3:40 | | | | |
| offhire | 22/12/07 3:40 | | | 9.90 | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | 22/12/07 4:15 | 0.58 hrs | | | 461.81 22.79 1.32 | | discharge only hold 2 with one gang working hold 4 damaged goods discharged only allowed for destruction, therefore half hire |
| offhire | 22/12/07 4:15 22/12/07 4:30 | | time bunkers MDO c/v/e commission | 11.55 | | |
| | | 0.25 hrs | | | 395.83 19.53 1.13 | only discharging of damaged cargo was possible ex hold 4 for destruction, therefore solely in owner's time, since the cargo damaged by them |
| offhire | 22/12/07 4:15 22/12/07 4:30 | | time bunkers MDO c/v/e commission | 9.90 | | |
| | | 0.25 hrs | | | 395.83 19.53 1.13 | only discharge of damaged cargo was possible ex hold 4 for destruction, therefore solely in owner's time, since the cargo damaged by them |
| offhire | 22/12/07 4:30 22/12/07 6:50 | | time bunkers MDO c/v/e commission | 9.90 | | |
| | | 2.33 hrs | | | 3,694.44 182.29 10.56 | only discharge of damaged cargo was possible ex hold 4 for destruction, therefore solely in owner's time, since the cargo damaged by them |
| offhire | 22/12/07 6:50 22/12/07 11:45 | | time bunkers MDO c/v/e commission | 92.36 | | |
| | | 4.92 hrs | | | 7,784.72 384.11 22.26 | only discharge of damaged cargo was possible ex hold 4 for destruction, therefore solely in owner's time, since the cargo damaged by them |
| offhire | 22/12/07 11:45 22/12/07 23:00 | | time bunkers MDO c/v/e commission | 194.62 | | |
| | | 11.25 hrs | | | 17,812.50 878.91 50.93 | only discharge of damaged cargo was possible ex hold 4 for destruction, therefore solely in owner's time, since the cargo damaged by them. Permission to discharge hold no 4 normally only received at 23:00 following which normal discharge. |
| offhire | | | time bunkers MDO c/v/e commission | 445.31 | | |

| | | |
|---|---:|---:|
| 7. REMITTANCES | 1,207,825.00 | |
| | 316,407.78 | |
| | 556,248.26 | |
| | 561,449.52 | |
| | 280,007.17 | |
| | 185,416.09 | |
| TTL | 3,658,923.48 | 3,855,817.68 |
| DUE TO OWNERS | | -196,894.19 |