LAW OFFICES OF
FREEHILL HOGAN & MAHAR LLP
80 PINE STREET
NEW YORK, N.Y. 10005-1759

TELEPHONE (212) 425-1900
FACSIMILE: (212) 425-1901
E-MAIL: reception@freehill.com
www.freehill.com

GEORGE B. FREEHILL
WILLIAM L. JUSKA, JR.
JAMES L. ROSS*
ERIC E. LENCK
JOHN J. WALSH*
PATRICK J. BONNER*
PETER J. GUTOWSKI
MARK F. MULLER
WAYNE D. MEEHAN*
DON P. MURNANE, JR.^
THOMAS M. RUSSO
THOMAS M. CANEVARI*
MICHAEL FERNANDEZ*
JOHN F. KARPOUSIS*▲
MICHAEL E. UNGER*†
WILLIAM J. PALLAS*
GINA M. VENEZIA*▲
LAWRENCE J. KAHN*
BARBARA G. CARNEVALE*
MANUEL A. MOLINA
JUSTIN T. NASTRO*
PAMELA L. SCHULTZ*†
DANIEL J. FITZGERALD*▲
MICHAEL C. ELLIOTT▲
JAN P. GISHOLT†

* ALSO ADMITTED IN NEW JERSEY
† ALSO ADMITTED IN CONNECTICUT
▲ ALSO ADMITTED IN WASHINGTON, D.C.
* ALSO ADMITTED IN LOUISIANA

NEW JERSEY OFFICE
549 SUMMIT AVENUE
JERSEY CITY, N.J. 07306-2701
TELEPHONE (973) 623-5514
FACSIMILE (973) 623-3813

CONNECTICUT OFFICE
23 OLD KINGS HIGHWAY SOUTH
DARIEN, CT 06820-4538
(203) 921-1913
(203) 358-8377

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/26/08

RECEIVED
MAR 26 2008
U.S. DISTRICT JUDGE
S.D.N.Y.

March 26, 2008

OUR REF: 78/MEU/SL

**BY FAX (212) 805-7901**
The Hon. Harold Baer, Jr.
United States District Judge
Southern District of New York
Daniel P. Moynihan U.S. Courthouse
500 Pearl Street, Room 2230
New York, NY 10007

    Re:    Sixteen Thirteen Marine S.A. v. Congentra A.G.
            08 CV 1318 (HB) – SDNY

Dear Judge Baer:

    We represent Plaintiff Sixteen Thirteen Marine S.A. ("STM") in the above action in which the Court has scheduled a hearing for Thursday, March 27, 2008 at 2:30 PM in connection with Defendant Congentra's motion to vacate a maritime attachment. Given issues presented by the reply papers served only this morning by Congentra we request that the hearing be adjourned until next week.

    Pursuant to Your Honor's March 7, 2008 Scheduling Order, Congentra's reply papers were due to have been served by March 25, 2008. In fact, the reply papers were served only between 3:23 and 3:33 a.m. this morning, March 26, 2008.[1] Although the reply papers have been forwarded to STM as of this morning, the lateness of Congentra's delay in serving its reply papers has resulted in STM losing 6-7 hours of working time today (Greece is 6 hours ahead of New York) to review the papers and provide advice to counsel in preparation of arguments in further opposition to the motion.

---

[1] While STM's opposition papers were not filed until Monday of this week, they were timely served on March 21 as required by the scheduling order.

NYDOCS1/301553.1

Only in its reply does Congentra, for the first time, indicate that it will be calling a witness (Mr. Priymak) to testify at the hearing. Congentra also requests that STM produce its witness Capt. Bourdis to testify at the hearing. Had Congentra indicated its plans and request for the STM witness earlier, STM could have timely made arrangements to produce Capt. Bourdis tomorrow. Unfortunately, at this late juncture Captain Bourdis is unable to travel from Greece to New York for the hearing at 2:30 p.m. tomorrow.

Finally, Congentra's reply papers raise several new issues of fact and law which require a sur-reply. The law of this circuit generally permits sur-reply papers to be served by the non-moving party in response to new argument, evidence or case law introduced in the moving party's reply papers. "Where new evidence is presented in a party's reply brief or affidavit…the district court should permit the nonmoving party to respond to the new matters prior to the disposition of the motion." Bonnie & Co. Fashions, Inc. v. Bankers Trust Co., 945 F. Supp. 693, 708 (S.D.N.Y. 1996) (quoting Litton Indus. v. Lehman Bros. Kuhn Loeb Inc., 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991) *rev'd on other grounds*, 967 F.2d 742 (2d Cir. 1992)). A sur-reply should therefore be permitted when the moving party attempts to "spring upon [the opposing party] new reasons for" granting the relief requested in the motion. Id.

In its reply papers Congentra raises new issues as to the veracity of the Declaration of Capt. Bourdis by submitting a further Declaration of Mr. Priymak which contains a supposed recording of a telephone conversation between the two and additional documentation meant to support the position that the recording is complete since it clearly cuts off in mid-stream. Congentra also raises issues related to a plea entered by the managers of the subject vessel, Chian Spirit Maritime Enterprises, in relation to a criminal prosecution wholly unrelated to its role herein, in an attempt to cast aspersions as to the truthfulness of the testimony of Capt. Bourdis. STM should have the ability to challenge these issues so as to be able to fully and fairly present its case in opposition rather than face hearing by ambush.

New York courts similarly routinely allow submission of sur-reply papers when defendants' papers raise new issues of law or fact requiring a response, and have held that courts should not consider new arguments introduced in reply papers unless an opportunity to respond to those arguments is granted. Scherrer v. Time Equities, Inc., 218 A.D.2d 116, 120-121, 634 N.Y.S.2d 680, 682 (1st Dept. 1995) (holding that "[a]rguments advanced for the first time in defendants' reply papers are entitled to no consideration by a court entertaining [the] motion"). New York's Court of Appeals has emphasized the importance of granting the non-moving party an opportunity to submit rejoinder papers to "obviate[e] any danger of prejudice." Held v. Kaufman, 91 N.Y.2d 425, 430, 694 N.E.2d 430, 432, 671 N.Y.S.2d 429, 431 (1998). *See also* ARC Municipal Securities Corp. v. Kleinberg, Kaplan, Wolff & Cohen, 171 A.D.2d 441, 443, 567 N.Y.S.2d 26, 27 (1st Dept. 1991) (an opportunity to submit sur-reply papers avoids prejudicial surprise). *See also* Bongiovanni v. Staten Island Medical Group, P.C., 188 Misc.2d 362, 363, 728 N.Y.S.2d 345, 346 (New York 2001) (granting plaintiff an opportunity to submit a

sur-reply memorandum of law in response to new case citations submitted in defendant's reply memorandum).

Should the Court be inclined to consider Congentra's late served reply papers, fairness dictates that the hearing set for tomorrow be adjourned in order to give STM reasonable opportunity to review Congentra's new arguments, arrange for the presence of Capt. Bourdis at the hearing so as to be in a position to respond to the testimony by Mr. Priymak, and to submit a sur-reply to address the newly raised factual and legal issues contained the in the reply papers.

I have requested the consent of Congentra to an adjournment but that request has been denied. It is submitted that a brief adjournment will not unduly prejudice Congentra.

For the foregoing reasons, we respectfully request Your Honor direct the hearing be adjourned until next week. We thank the Court for its courtesy and consideration of this request.

Respectfully,
FREEHILL HOGAN & MAHAR LLP

Michael E. Unger

MEU/mc

cc: **BY FACSIMILE (212) 490-6070**
Lennon, Murphy & Lennon, LLC
Attn: Kevin J. Lennon

NYDOCS1/301353.1

[Handwritten annotation by Judge Baer:]
(1) STM's opposition papers I am informed were never tendered to chambers. We had to print them after calling the ECF data base Monday — equally bad is that your application here had ever libel & respect & defendant in your production & with both adjourn the matter until April 8 at 10 AM for oral argument.
(2) I don't see what I do as a sur-reply — let the Federal Rules do what one is to pursue his oral argument & faith in the question here.

Harold Baer, Jr., U.S.
Date: 3/26/08

Endorsement:

    STM's opposition papers I am informed were never brought to Chambers.  We had to print them after searching the ECF data base late Monday - Equity would likely reject your application here however you are both deficient in your production and I will adjourn the matter until April 8 at 10 AM.  I don't see a sur-reply in the Federal Rules so what I do is let the party seeking one to put those arguments in his oral argument and that's my direction here.